# Exhibit 1



CORPORATION SERVICE COMPANY®

# Notice of Service of Process

**MD4 / ALL**
**Transmittal Number: 16221601**
**Date Processed: 02/09/2017**

| | |
|---|---|
| **Primary Contact:** | Cynthia Jones<br>Compass Group North America<br>2400 Yorkmont Road<br>Charlotte, NC 28217 |

| | |
|---|---|
| **Entity:** | Crothall Healthcare Inc.<br>Entity ID Number  0630824 |
| **Entity Served:** | Crothall Healthcare Inc. |
| **Title of Action:** | Daisy Reyes vs. Crothall Healthcare Inc |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Personal Injury |
| **Court/Agency:** | Queens County Supreme Court, New York |
| **Case/Reference No:** | 467/17 |
| **Jurisdiction Served:** | New York |
| **Date Served on CSC:** | 02/08/2017 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| Sender Information: | Andrew J. Wigler<br>516-466-4767 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscglobal.com

State of New York - Department of State
Division of Corporations

Party Served:                                    Plaintiff/Petitioner:
 CROTHALL HEALTHCARE INC.                         REYES, DAISY


 C/O CORPORATION SERVICE COMPANY
 80 STATE STREET
 ALBANY,  NY 12207-2543


Dear Sir/Madam:
Enclosed herewith is a legal document which was served upon the Secretary of
State on 01/26/2017 pursuant to SECTION 306 OF THE BUSINESS CORPORATION LAW.
 This copy is being transmitted pursuant to such statute to the address
provided for such purpose.


                                               Very truly yours,
                                          Division of Corporations

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-----------------------------------------------------------------X

DAISY REYES,

                                  Plaintiff,

         - against -

CROTHALL HEALTHCARE INC.,

                                  Defendants.

-----------------------------------------------------------------X

Index No.: 467/17

*Plaintiff hereby designates Queens County as the place of trial.*

## SUMMONS WITH NOTICE

RECEIVED JAN 12 2017 COUNTY CLERK QUEEN'S COUNTY

*To the above named Defendant(s):*

        **YOU ARE HEREBY SUMMONED**, to serve a notice of appearance on the Plaintiffs' Attorney within twenty ("20") days after the service of this Summons, exclusive of the day of service (or within thirty ("30") days after the service is complete if this Summons is not personally delivered to you within the State of New York); and in case of your failure to appear, judgment will be taken against you by default for the relief demanded in the notice set forth below.

Dated:   Great Neck, New York
           January 10, 2017

Date Summons Filed: January 10 2017

The basis of venue is:
    Residence of Plaintiff

Defendants reside in
  the County of Queens

**ANDREW J. WIGLER, ESQ.**
Attorney for Plaintiffs
98 Cutter Mill Road
Suite 486S
Great Neck, New York 11021
(516) 466-4767

RECEIVED

**NOTICE:**     THE OBJECT OF THIS ACTION AND THE RELIEF SOUGHT BY THE PLAINTIFF HEREIN ARE AS FOLLOWS: To recover from the Defendant as is provided in the annexed Verified Complaint. The relief sought by Plaintiff is a Money Judgment against the Defendants, jointly and severally, in the amount of Ten Million Dollars ($10,000,000.00), interest, Court Costs and disbursements, along with such other and further relief as the Court may deem proper.

**DEFENDANT RESIDES AT:**

Crothall Healthcare Inc.
1500 Liberty Ridge Drive
Wayne, Pennsylvania, 19087

C/O Corporation Service Company
80 State Street
Albany, New York 12207-2543

Crothall Healthcare, Inc.
Elmhurst Hospital Center
79-01 Broadway
Elmhurst, New York 11373

---

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-----------------------------------------------------------------X

DAISY REYES,                               :

                      Plaintiff,        :

        - against -            :

CROTHALL HEALTHCARE INC.            

                               :

                Defendant.    :

------------------------------------------------------------------X

                                **Index No.:**

                                ***VERIFIED COMPLAINT***

        Plaintiff, DAISY REYES, by her Attorney ANDREW J. WIGLER, ESQ., in complaining of the Defendant, comes before the Court and respectfully alleges as follows for her Verified Complaint:

        1. At all relevant times, Plaintiff, DAISY REYES, was and is an individual residing in the County of Queens, State of New York.

        2. At all relevant times, Defendant, CROTHALL HEALTHCARE INC., was a Foreign Corporation, authorized to do business in the State of New York.

### The Negligence Of The Defendant

        3.    Upon information and belief, at all times hereinafter mentioned, Defendant CROTHALL HEALTHCARE INC., by its officers, agents, servants and employees, were responsible for housekeeping/cleaning services at Elmhurst Hospital, 79-01 Broadway, Elmhurst, New York.

        4.    Upon information and belief, at all times hereinafter mentioned, Defendant, CROTHALL HEALTHCARE INC., by its officers, agents, servants and employees, supervised, maintained, cleaned, and/or controlled the hallway floors at Elmhurst Hospital, 79-01 Broadway, Elmhurst, New York.

        5. Amongst the duties imposed upon Defendant, CROTHALL HEALTHCARE INC., was to keep in good and safe condition and free of water and or other liquid, so as not to endanger the life and limb of persons lawfully using said hallway floors at Elmhurst Hospital, 79-01 Broadway, Elmhurst, New York.

        6. The Plaintiff, DAISY REYES, on August 31, 2015, at approximately 1:00 p.m., while she was walking in the hallway of Elmhurst Hospital, in the Main Building, on the 1" floor, at/near bathroom #1-03, was caused to slip and fall on water on said hallway floor.

        7. Said accident and the resulting injuries and damages were caused solely and wholly by

reason of the negligence, carelessness, recklessness; poor maintenance, housekeeping, and cleaning, of the Defendant, the agents, servants and employees of said Defendant: in failing to maintain the aforesaid hallway floor; in failing to enforce ordinances and rules to maintain said hallway floor, in failing to attend to the dangerous condition of the hallway floor, in allowing the hallway floor to be covered in water and/or other liquid substances, same having been there for a significant period of time, same being a recurring, condition, of which Defendant was fully aware, in failing to maintain or clean the hall floor of water and or other liquid substances; in negligently carelessly and recklessly maintaining said hallway floor in that Plaintiff was unable to move about same safely and freely; in failing to inspect, detect and/or correct the dangerous condition of the hallway floor, in leaving said hallway floor in dangerous condition, in failing to supervise properly the work of its agents, servants and employees, in creating said dangerous water/liquid condition, in causing said condition to exist on said premises; in failing to properly maintain/clean the hallway floor causing said water to exist on the hallway floor; in failing to cover said condition, in failing to warn regarding said dangerous condition; and failing to cause said persons/entities to remedy any defects caused by Defendant and/or the servants and employees of Defendant.

8. Said accident and the resulting injuries and damages were caused solely and wholly by reason of the carelessness and negligence of the Defendant, without any negligent act or omission to act on behalf of Plaintiff contributing thereto.

9. Upon information and belief, prior to the accident, the Defendant had Actual Notice and/or Constructive Notice of the existence of the aforesaid defective condition.

10. Upon information and belief, Defendant created the aforesaid defective condition.

11. There was, on the part of the Defendant, a failure or neglect to cause such defective condition to be remedied or to make the place otherwise reasonably safe within a reasonable time after receipt of such notice.

12. By reason of the foregoing, Plaintiff, DAISY REYES, suffered severe personal injuries including, but not limited to her Left Patella/knee. She also suffered from pain and suffering, emotional injuries, future disabilities, loss of enjoyment of life, loss of ability to participate in certain activities and future medical expenses.

13. This action falls within one or more of the statutory exceptions enumerated and contained in CPLR 1602.

17. By reason of the foregoing, Plaintiff, DAISY REYES, has been damaged in the amount of Ten Million Dollars ($10,000,000.00).

WHEREFORE, the Plaintiff, DAISY REYES hereby demands a judgment against the Defendant, as follows:

a.   Against Defendant CROTHALL HEALTHCARE INC., in the amount $10,000,000.00.

Dated:  Great Neck, New York
        January 10, 2017

ANDREW J. WIGLER, ESQ.
Attorney For Plaintiff
98 Cutter Mill Road, Suite 486S
Great Neck, New York  11021
(516) 466-4767

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-----------------------------------------------------------------X

DAISY REYES,                                          :

                                    Plaintiff,        :        Index No.:

          - against -                                 :        **_VERIFICATION_**

CROTHALL HEALTHCARE INC.                              :

                                                      :

                                    Defendant.        :

-----------------------------------------------------------------X

ANDREW J. WIGLER, under penalty of perjury hereby affirms:

1. I am an attorney duly licensed to practice law in State of New York.

2. I am the attorney-of-record for the Plaintiff, DAISY REYES.

3. I have read the foregoing Verified Complaint, and know the contents thereof.

4. The contents of the foregoing Verified Complaint are true to my knowledge, except as to those matters therein stated to be alleged upon information and belief, and as to those matters, I believe them to be true. The source of my belief are the files maintained by this office for this matter.

5. This verification is made by me and not by Plaintiff, DAISY REYES, because Plaintiff resides in a County other than the County in which I maintain my Office, to wit; my Office is in Nassau County and the Plaintiff resides in Queens County.

Dated:   Great Neck, New York
         January 10, 2017

ANDREW J. WIGLER

201702031 727

344

DOS 470 (Rev. 10/09)

**DEPARTMENT OF STATE**
  One Commerce Plaza
  99 Washington Avenue
  Albany, NY 12231-0001

**Return Services Requested**



PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS. FOLD AT DOTTED LINE

**USPS CERTIFIED MAIL**

9214 8969 0059 7936 2911 99

201702030727
C/O CORPORATION SERVICE COMPANY
80 STATE STREET
ALBANY NY,12207-2543